IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

VERTEX TELECOM, INC.          )
                              )
        Plaintiff,            )
                              )
             v.               )      1:06cv1209 (JCC)
                              )
XO COMMUNICATIONS, INC.       )
                              )
        Defendant.            )

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendant's
motion to dismiss Plaintiff's claims for fraud in the inducement
and negligent misrepresentation.  For the following reasons,
Defendant's motion will be denied.

### I.   Background

This case arises out of a dispute concerning a
commercial agreement entered into by the parties pursuant to the
Communications Act of 1934.  On October 19, 2006, Plaintiff
Vertex Telecom Inc. ("Vertex"), a telecommunications company
specializing in pre-paid phone cards, received a suspension of
services notice from Defendant XO Communications ("XO") that it
will terminate service to Vertex on October 30, 2006 at 9:00 a.m.
EST unless it receives payment of $3,711,467.25.  On October 27,
Vertex initiated a civil action against XO seeking injunctive
relief and monetary damages, and filed an emergency motion for a

-1-

temporary restraining order ("TRO") and a preliminary injunction. Plaintiff's complaint states four causes of action: 1) breach of contract; 2) fraud in the inducement; 3) negligent misrepresentation; and 4) declaratory relief.  On November 3, 2006, this Court granted Plaintiff's emergency TRO and preliminary injunction for the pendency of litigation.  On November 20, 2006, Defendant filed a motion to dismiss the claims for fraud in the inducement and negligent misrepresentation. These motions are currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which

require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

### III. Analysis

Defendant moves to dismiss Plaintiff's claims for fraud in the inducement ("Second Claim") and negligent misrepresentation ("Third Cause of Action") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under Virginia law, the elements of fraud are:  (1) a false representation of material fact, (2) made intentionally and knowingly, (3) with the intent to mislead, (4) reliance by the party misled, and (5) resulting damage to the misled party.  *See Tidewater Beverage Services, Inc. v. Coca Cola, Inc.,* 907 F.Supp. 943, 946 (E.D. Va. 1995); *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.,* 507 S.E.2d 344, 346-47 (Va. 1998).  Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff must allege fraud with particularity.  To satisfy Rule 9(b), a plaintiff must plead circumstances such as the time, place, content, and identity of authorship of any alleged misrepresentation.  *Goldstein v. Malcolm G. Fries Y Assocs.,* 72 F.Supp.2d 620, 627 (E.D. Va. 1999).

A.  Motion to dismiss for failure to state a claim

Defendant first moves to dismiss Plaintiff's complaint on the grounds that it did not plead fraud and negligent misrepresentation with the requisite particularity to satisfy

Rule 9(b).  However, this Court disagrees.  First, Plaintiff identified the XO employees involved in the alleged fraud, specifically naming sales team members Elwood Phillips ("Phillips"), Alex Sudarma ("Sudarma"), and Doug Sobiaski ("Sobiaski").  (Compl. at ¶7).  Plaintiff also named the time and place of the fraud, identifying verbal statements made during meetings and an email.  (Compl. at ¶¶5-12, 31-41).  Plaintiff further addressed the content of the misrepresentations as false statements regarding Defendant's needs for an excessive number of Direct Inward Dialing ("DID") numbers to achieve the coverage Vertex desired without additional charges.  (Compl. at ¶32).  Plaintiff asserts that these statements were made, and were untrue.  This Court finds that the pleadings adequately state causes of action for fraudulent inducement and negligent misrepresentation.  Accordingly, Defendant's motion to dismiss under Rule 9(b) will be denied.

### B.  Misrepresentation based on present intent

To state a cause of action for fraud based on a misrepresentation, a plaintiff must allege a "misrepresentation of past or present facts, not unfulfilled promises or future events." *Tidewater Beverage Services, Inc.,* 907 F.Supp. 943, 947 (E.D. Va. 2003).  It is well settled that an action for fraud cannot be based upon unfulfilled promises to perform future events.  *See, e.g., Poth v. Russey,* 281 F.Supp.2d 814 (E.D. Va.

-4-

20030; *Patrick v. Summers*, 369 S.E.2d 162 (Va. 1988).  However, misrepresentations of present intent can be the basis for fraud. *See Colonial Ford Truck Sales, Inc. v. Schneider,* 325 S.E.2d 91, 94 (Va. 1985).

Plaintiff's claim is based upon a representation made by XO that it intended (at the time the representations were made) not to charge Vertex for the excess DIDs.  (*See* Compl. at ¶31-32).  Vertex maintains an action for fraud on the premise that these representations were knowingly false when made, as XO's present intent at the time the representations were made was to charge Vertex.  Plaintiff's complaint therefore states an actionable case for fraud and misrepresentation, and Defendant's reliance upon *Poth* and *Tidewater Beverage* is misguided. Accordingly, Defendant's motion will be denied.

C.  Plaintiff's Ability to Plead Fraud and Enforce Agreement

Under Virginia law, a fraudulently procured contract is voidable at the option of the injured part, not automatically void.  *See Saunders v. General Services Corp.,* 659 F.Supp. 1042, 1057 (E.D. Va. 1986); *United States v. Idelwild Pharmacy, Inc.,* 308 F.Supp. 19, 23 (E.D. Va. 1969).  A plaintiff suing for fraudulent inducement thus has two available options:  (1) to exercise its option of voiding the contract for fraud, or (2) to enforce the contract and seek damages.  *Idlewild,* 308 F.Supp. at 22; *McLeskey v. Ocean Park Investors, Ltd.,* 40 S.E.2d 846, 848

(Va. 1991)("a party wronged by conduct constituting a ground for rescission, such as fraud, may elect to waive that ground and seek specific performance instead").

Defendant argues that Plaintiff cannot bring action for fraud because it simultaneously argues for enforcement of the contract, and further argues that Plaintiff played "fast and loose" by operating under the contract for a period of time without challenging its validity.  It is true that a plaintiff cannot at the same time seek to enforce a contract and render it void for fraud.  *See, e.g., Link Assoc's v. Jefferson Std.,* 291 S.E.2d 212 (Va. 1982); *Idelwild,* 308 F.Supp. at 23.  However, Plaintiff clarified at oral argument that it does not wish to void the contract, but instead wishes to enforce it and maintain a cause of action for fraud in the inducement, with damages to be determined at trial.  Accordingly, there is no inconsistency with the remedies sought rendering dismissal of the fraud claims. Defendant's argument that Plaintiff did not timely act on the alleged fraud, but instead played "fast and loose" is also misguided and lacks merit.  Defendant again relies upon cases dealing with contract rescission, not enforcement, which are irrelevant to this case.  *See Idlewild,* 308 F.Supp. at 23; Def.'s Mot. at 5-6).  Accordingly, Defendant's motion to dismiss will be denied.

## IV.  Conclusion

For the reasons stated above, Defendant's motion to dismiss will be denied.  An appropriate Order will issue.


December 14, 2006                    _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE